**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                                                      )
CHEMOIL CORP.,                                        )
                                                                      )
                        Plaintiff,                            )
                                                                      )          No.  1:19-cv-06314
            v.                                                     )
                                                                      )
UNITED STATES OF AMERICA,               )
                                                                      )
                        Defendant.                         )
                                                                      )
_____)

**COMPLAINT REGARDING REFUND OF FEDERAL EXCISE TAXES**
**AND PENALTIES UNDER 28 U.S.C. § 1346(a)(1)**

Plaintiff Chemoil Corp. ("Chemoil" or "Plaintiff") hereby files this complaint for a refund of Federal excise taxes, tax credits, penalties, and interest that were erroneously collected and illegally retained by Defendant United States of America ("Defendant"), acting through the Commissioner of the Internal Revenue Service (the "Commissioner"), and as the basis for this complaint alleges as follows:

**I.      Preliminary Statement**

1.        This is an action arising under the Internal Revenue Code of 1986, as amended and codified in Title 26 of the United States Code, for recovery of $6,682,529.25 in Federal excise taxes and tax credits (along with $335,435.03 in interest with respect thereto), and $4,098,600.00 in penalties erroneously collected and illegally retained by Defendant for Plaintiff's taxable quarter ending December 31, 2011, plus statutory interest thereon as provided by law.

1

## II.   **The Parties**

2.      Plaintiff, Chemoil, is a corporation organized and existing under the laws of the State of California and whose principal place of business is in New York.  Chemoil's business involves the purchase, production, and sale of a wide array of fuel products.  In this connection, Chemoil produced and sold alcohol fuel mixtures.  Chemoil's Federal Employer Identification Number is 94-2869448.

3.      Defendant is the United States of America, acting through the Commissioner.


## III.   **Jurisdiction and Venue**

4.      This is an action for the recovery of Federal excise tax, tax credits, penalties, and interest erroneously collected from Chemoil and illegally retained by Defendant.  Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422.

5.      Venue for this action properly lies in the United States District Court for the Southern District of New York under 28 U.S.C. § 1402(a)(2) because Chemoil's principal place of business is located at 330 Madison Ave., New York, New York 10017, which is in this judicial district.

6.      Chemoil timely filed with the Internal Revenue Service ("IRS") a Form 720, Quarterly Federal Excise Tax Return, for the taxable quarter ending December 31, 2011, on which it reported, *inter alia*, its quarterly excise tax liability of $265,734.89 and claims for alcohol fuel mixture credits of $6,682,529.25.  Chemoil reported an overpayment of $6,847,038.02.  A copy of Chemoil's Form 720 is attached as Exhibit A.

7.      Chemoil's overpayment of $6,847,038.02 was allowed and paid.

8.      Approximately two years' later, on July 30, 2014, and August 19, 2014, Defendant issued to Chemoil two Revenue Agent's Reports proposing, respectively, to disallow $6,674,125.50 of alcohol fuel mixture tax credits and to assert an excessive claims penalty of $4,098,600.00.

9.      Notwithstanding the fact that the overpayment had previously been allowed, in order to access the administrative appeal process through the IRS Office of Appeals, Plaintiff was required to make a prepayment of tax and to file a Form 843, Claim for Refund and Request for Abatement.  In that regard, on or about September 24, 2014, Chemoil (a) prepaid $267,032.70 -- representing a divisible portion of the total tax and penalties proposed by the IRS to be due for the taxable quarter ending December 31, 2011 -- and (b) filed a Form 843, requesting a refund of the $267,032.70.  This claim for refund submission (including a copy of the prepayment check) is attached as Exhibit B.

10.     On October 6, 2017, in conclusion of the IRS Appeals process, Defendant issued to Chemoil two notices of disallowance:  one with respect to the alcohol fuel mixture tax credits claimed by Chemoil under 26 U.S.C. §§ 6426 and 6427 disallowing a refund of alcohol fuel mixture tax credits in the amount of $6,682,529.25 -- *i.e.*, the amount of the alcohol fuel mixture tax credits claimed on Chemoil's Form 720 for the quarter ended December 31, 2011, and reflected in the overpayments provided on Chemoil's transcript of account; and another with respect to the 26 U.S.C. § 6675 penalty disallowing a refund of the $4,098,600.00 assessed penalty.  These notices of disallowance are attached as Exhibits C and D.

11.     Chemoil timely filed this complaint within two years of these notices of disallowance.  26 U.S.C. § 6532(a)(1).

IV.    **Applicable Law**

12.    "Alcohol fuel mixture" is defined as a mixture of "alcohol" and a "taxable fuel".

26 U.S.C. § 6426(b)(3).

13.    "Alcohol" includes, *inter alia*, ethanol.  26 U.S.C. § 6426(b)(4)(A).

14.    "Taxable fuel" includes, *inter alia*, gasoline.  26 U.S.C. §§ 6426(b)(4)(B),

4083(a)(1)(A).

15.    Under the Internal Revenue Code of 1986, as in effect for the taxable quarter

ending December 31, 2011, a taxpayer was entitled to an alcohol fuel mixture credit if it

produced such mixture and either sold such mixture to any person for use as a fuel or itself used

such mixture as a fuel.  26 U.S.C. §§ 6426(a)(1), 6246(b), 6427(e).

16.    The purpose of the alcohol fuel mixture tax credit was to provide an incentive for

taxpayers to produce, sell, and use such mixtures as fuels.

17.    The alcohol fuel mixture tax credit was calculated as the product of 45 cents and

the number of gallons of alcohol used by the taxpayer in producing the alcohol fuel mixture.  26

U.S.C. § 6426(b)(2)(A)(ii).

18.    Alcohol fuel mixture credits were generally first claimed under 26 U.S.C. §

6426(a)(1) as a tax credit against a taxpayer's excise tax liability imposed by 26 U.S.C. § 4081

(and only to the extent of such tax liability, if any).

19.    Alcohol fuel mixture tax credits in excess of a taxpayer's excise tax liability

imposed by 26 U.S.C. § 4081 were generally claimed under 26 U.S.C. § 6427(e)(1).

20.    Both the alcohol fuel mixture tax credit claimed under 26 U.S.C. §§ 6246(a)(1)

and 6427(e)(1) and excise taxes imposed by 26 U.S.C. § 4081 were reported on, *inter alia*, an

IRS Form 720.

4

V.      **Factual and Procedural Allegations**

21.     During the taxable quarter ending December 31, 2011, Chemoil produced alcohol fuel mixtures comprised of ethanol (an "alcohol") and gasoline (a "taxable fuel").  Chemoil used 14,850,065 gallons of ethanol in producing these mixtures.

22.     During the taxable quarter ending December 31, 2011, Chemoil sold such alcohol fuel mixtures to others for use as a fuel.

23.     Chemoil's production and sale of these alcohol fuel mixtures entitled it to alcohol fuel mixture tax credits.

24.     For the taxable quarter ending December 31, 2011, Chemoil filed timely a Form 720 on which it reported its quarterly excise tax liability of $265,734.89; tax deposits made for the quarter of $258,639.00; credits for nontaxable use of undyed diesel fuel of $171,604.66; and alcohol fuel mixture tax credits of $6,682,529.25 ($0.45 x 14,850,065 gallons of ethanol). Chemoil accordingly requested a refund of $6,847,038.02, which Defendant paid.

25.     Defendant selected for audit Chemoil's Form 720 for the taxable period ending December 31, 2011.

26.     On July 20, 2014, and August 19, 2014, Defendant issued two Revenue Agent's Reports, proposing, respectively, to disallow alcohol fuel mixture tax credits claimed by Chemoil in the amount of $6,674,125.50, and to assert a penalty under 26 U.S.C. § 6675 in the amount of $4,098,600.00, both for the taxable quarter ending December 31, 2011.  Defendant did not propose in the Revenue Agents Reports to disallow the remaining $8,403.75 ($6,682,529.25 less $6,674,125.50) of alcohol fuel mixture tax credits claimed by Chemoil on its Form 720 for the taxable quarter ending December 31, 2011.

5

27.     Chemoil alerted the IRS that it intended to seek a resolution of the IRS proposed adjustments through the IRS Office of Appeals.  The IRS informed Chemoil that because there were less than 270 days left on the period of limitations under 26 U.S.C. § 6206 for assessing tax and penalties for the taxable quarter ending December 31, 2011, Chemoil was required to pay a divisible portion of the total tax and penalties proposed by the IRS to be due and to file a Form 843, Claim for Refund and Request for Abatement, in order to access the IRS Office of Appeals. In that regard, Defendant referred Chemoil to a memorandum from Joseph J. Tibeiro, Chief, Excise Tax Program, to Excise Territory Managers and Field Group Managers dated October 21, 2013 (Control #SBSE-04-1013-0082) addressing such procedures.  This memorandum is attached as Exhibit E.

28.     On or about September 24, 2014, as required by Defendant pursuant to Exhibit E, Chemoil prepaid a divisible portion of the amount of the proposed adjustment by Defendant for the taxable quarter ending December 31, 2011.  The amount of the divisible portion that was prepaid was $267,032.70.

29.     Chemoil also filed with the IRS a Form 843 for the taxable quarter ending December 31, 2011, on which it requested a refund of that $267,032.70.  The Form 843 incorporated by reference Chemoil's arguments with respect to the entirety of the proposed assessment of excise tax and penalties for the taxable quarter ending December 31, 2011.

30.     On October 13, 2014, Defendant assessed additional tax of $6,682,529.25 (along with $535,095.24 of corresponding interest) and a penalty of $4,098,600.00.

31.     Notwithstanding the fact that the Internal Revenue Manual at Part 4.24.8.15(3) provides that "IRS collection activity is suspended during the appeals process," Defendant

caused these assessments to be fully satisfied during the appeals process by retaining tax refunds otherwise due and payable by the IRS to Chemoil.

32.     The total outstanding liability for additional tax -- $6,682,529.25 -- interest thereon -- $335,435.03 -- and penalty -- $4,098,600.00 -- remaining after Chemoil's $267,032.70 prepayment was collected by Defendant via offset.  In other words, Defendant retained a portion of tax refunds otherwise payable by the IRS to Chemoil for other taxable periods and applied these refund amounts to the outstanding liability resulting from the IRS assessment for the taxable quarter ended December 31, 2011, such that the assessment was fully paid.

33.     On October 6, 2017, Defendant issued to Chemoil two notices of disallowance: one with respect to the alcohol fuel mixture credits claimed under 26 U.S.C. §§ 6426 and 6427 disallowing a refund to Chemoil of alcohol fuel mixture tax credits in the amount of $6,682,529.25 -- *i.e.*, the amount of the alcohol fuel mixture credits claimed on Chemoil's Form 720 for the quarter ended December 31, 2011, and assessed and collected by the IRS; and another with respect to the 26 U.S.C. § 6675 penalty disallowing a refund of the $4,098,600.00 penalty assessed and collected by the IRS.  *See* Exhibits C & D.

34.     The Commissioner has improperly and unlawfully failed to refund to Chemoil with respect to the taxable quarter ending December 31, 2011, excess excise taxes paid by Chemoil resulting from alcohol fuel mixture credits claimed under 26 U.S.C. § 6426 and additional amounts owing to Chemoil under 26 U.S.C. § 6427, as well as interest charged by the IRS thereon.

35.     The Commissioner has improperly and unlawfully failed to refund to Chemoil the penalty paid under 26 U.S.C. § 6675 with respect to the taxable quarter ending December 31, 2011.

7

36.     Chemoil therefore brings this action for recovery of $6,682,529.25 (comprised of excess excise taxes paid and additional amounts claimed by Chemoil pursuant to 26 U.S.C. §§ 6426 and 6427), the $4,098,600.00 excessive claims penalty, and $335,435.03 in interest erroneously collected from Plaintiff and illegally retained by Defendant with respect to the taxable quarter ending December 31, 2011, plus statutory interest thereon as provided by law.

## VI.     Assignments of Error

### Count One (Fourth Quarter 2011 Claim)

37.     Chemoil incorporates herein by reference and realleges all allegations in paragraphs 1–36.

38.     Because Chemoil used 14,850,064.96 gallons of ethanol in producing alcohol fuel mixtures and sold the mixtures to one or more persons for use as a fuel and satisfied all other requirements under sections 6426 and 6427, Chemoil was entitled to alcohol fuel mixture tax credits during the taxable period ending December 31, 2011, of $6,682,529.25 ($0.45 x 14,850,065 gallons of ethanol).

39.     Chemoil properly claimed under 26 U.S.C. § 6426 a refund of its excise tax liability under 26 U.S.C. § 4081 and payment of an additional amount under 26 U.S.C. § 6427, together totaling $6,682,529.25.

40.     For the reasons set forth above, Chemoil is entitled to recover from Defendant the amount of $6,682,529.25, plus $335,435.03 in interest assessed and collected with respect to this amount, plus any additional allowable interest.

**Count Two (Penalty)**

41.     Chemoil incorporates herein by reference and realleges all allegations in paragraphs 1–40.

42.     The IRS assessed against Chemoil a penalty under 26 U.S.C. § 6675 for excessive fuel credits claimed for the period in issue.

43.     26 U.S.C. § 6675(a) provides for a penalty with respect to claims for an excessive amount of fuel credits claimed under 26 U.S.C. § 6427.

44.     Penalties assessed under 26 U.S.C. § 6675 should not have been assessed against Chemoil because Chemoil did not claim an excessive amount of alcohol fuel mixture tax credits during the period in issue.

45.     26 U.S.C. § 6675(a) provides that such penalties may not be imposed if the taxpayer acted with reasonable cause.

46.     Penalties assessed under 26 U.S.C. § 6675 should not have been assessed against Chemoil because Chemoil acted with reasonable cause in filing its original claim for refund during the period in issue.

47.     26 U.S.C. § 6751(b) provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination".

48.     Penalties assessed under 26 U.S.C. § 6675 should not have been assessed because there was no written approval of the penalty made by the supervisor of the individual making the initial determination of the 26 U.S.C. § 6675 penalty.

49.     For the reasons set forth above, Chemoil is entitled to recover from Defendant the amount of $4,098,600.00 assessed and collected with respect to this amount, plus any additional allowable interest.


## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

48.     That Plaintiff be refunded $6,682,529.25, plus $335,435.03 in interest, assessed and collected for the taxable period ending December 31, 2011, together with interest as allowed by law.

49.     That Plaintiff be refunded $4,098,600.00 assessed and collected for the taxable period ending December 31, 2011, together with interest as allowed by law.

50.     Plaintiff's costs of this action and for such other, further, and different relief as the Court may deem appropriate.


Dated:  July 8, 2019                              Respectfully submitted,


                                                  /s/ Sarah E. Paul
                                                  _____
                                                  Sarah E. Paul
                                                  Attorney-in-Charge
                                                  Eversheds Sutherland (US) LLP
                                                  1114 Avenue of the Americas
                                                  New York, NY 10036
                                                  212-389-5000
                                                  212-389-5099
                                                  SarahPaul@eversheds-sutherland.com

Of counsel:

Amish M. Shah
  District of Columbia Bar No. 468530
  (*admission papers forthcoming*)
Susan E. Seabrook
  District of Columbia Bar No. 472489
  (*admission papers forthcoming*)
Daniel G. Strickland
  District of Columbia Bar No. 1531288
  (*admission papers forthcoming*)
Eversheds Sutherland (US) LLP
700 Sixth Street, NW, Suite 700
Washington, DC  20001
Tel:    (202) 383-0100
Fax:    (202) 637-3593
AmishShah@eversheds-sutherland.com
SusanSeabrook@eversheds-sutherland.com
DanielStrickland@eversheds-sutherland.com        *Attorneys for Chemoil Corp.*